UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------x
MENDEL WEIDER, YOSSI LEVITIN,
BOWLING GREEN ASSOCIATES, L.P.,
111 JOHN REALTY CORP., GEM NET
INC., and MADISON TITLE AGENCY,
LLP, on behalf of themselves and all others **MEMORANDUM AND ORDER**
similarly situated,                          Case No. 14-CV-7378 (FB) (JO)


                    Plaintiffs,

        -against-


VERIZON NEW YORK INC.,


                    Defendant.
--------------------------------------------------x

*Appearances:*
*For the Plaintiffs:*                *For the Defendant:*
JOSEPH H. WEISS, ESQ.               PHILIP R. SELLINGER, ESQ.
MARK D. SMILOW, ESQ.                REBECCA GARIBOTTO, ESQ.
WeissLaw LLP                        Greenberg Traurig, LLP
Times Square Plaza                  200 Park Avenue
1500 Broadway, Ste. 1600            New York, NY 10166
New York, NY 10036

**BLOCK, Senior District Judge:**

On November 18, 2014, Plaintiffs filed this putative class action against

Defendant Verizon New York Inc. ("Verizon") in New York Supreme Court, Kings

County.   On December 18, 2014,Verizon removed this suit to this Court under the

Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2)(A).  Plaintiffs move to

remand.  For the reasons that follow, Plaintiffs' motion is granted and this action is

transferred back to New York Supreme Court, Kings County.

# I.

Plaintiffs – Verizon residential and business subscribers – allege that Verizon unlawfully assessed a "Municipal Construction Surcharge" (the "Surcharge") on its New York State accounts in violation of an order of the New York Public Service Commission (the "PSC Order"). *See* N.Y. STATE PUB. SERV. COMM'N, Case 13-C-0145, *Order Denying Tariff Filing by Verizon New York Inc. to add a Municipal Construction Surcharge* (May 16, 2013). Plaintiffs further maintain that Verizon misled them into thinking that the Surcharge was a government-mandated tax so that they would not challenge its imposition.

Plaintiffs – on behalf of themselves and a putative class – assert nine claims under New York law, including: (1) deceptive acts and practices under New York General Business Law § 349; (2) false advertising under New York General Business Law § 350; (3) fraud and deceit; (4) negligent misrepresentation; (5) breach of warranty; (6) breach of contract; (7) breach of the implied covenant of good faith and fair dealing; (8) promissory estoppel; and (9) unjust enrichment and imposition of a constructive trust.

# II.

Plaintiffs contend that Verizon has failed to establish federal subject-matter jurisdiction under CAFA. In the alternative, Plaintiffs maintain that remand is

warranted under either CAFA's mandatory "local controversy" and "home state" exceptions, *see* 28 U.S.C. § 1332(d)(4)(A) and (d)(4)(B), or CAFA's discretionary "interests of justice" exception, *see id.* § 1332(d)(3). For the following reasons, the Court finds that discretionary remand is appropriate.[1]

## A.    Legal Standard

CAFA's discretionary exception provides that "[a] district court may, in the interests of justice and looking at the totality of the circumstances," decline to exercise subject-matter jurisdiction over a class action in which the primary defendants and greater than one-third – but less than two-thirds – of the members of the proposed plaintiff class are citizens of the state where the action was originally filed. *Id.* The Court considers the following statutory factors in deciding whether to exercise the discretion to remand:

(A)    whether the claims asserted involve matters of national or interstate interest;

(B)    whether the claims asserted will be governed by laws of the State in which the action was originally filed or by the law of other States;

(C)    whether the class action has been pleaded in a manner that seeks to avoid Federal jurisdiction;

(D)    whether the action was brought in a forum with a distinct nexus with the class members, the alleged harm, or the defendants;

_____

[1] The Court does not address Plaintiffs' remaining arguments because discretionary remand is warranted in any event.

(E)     whether the number of citizens of the State in which the action was originally filed in all proposed plaintiff classes in the aggregate is substantially larger than the number of citizens from any other State, and the citizenship of the other members of the proposed class is dispersed among a substantial number of States; and

(F)     whether, during the 3-year period preceding the filing of that class action, 1 or more other class actions asserting the same or similar claims on behalf of the same or other persons have been filed.

*Id.* § 1332(d)(3)(A)-(F).

The party seeking remand bears the burden of establishing that a CAFA exception applies. *Greenwich Fin. Servs. Distressed Mortg. Fund 3 LLC v. Countrywide Fin. Corp.*, 603 F.3d 23, 26 (2d Cir. 2010). To obtain discretionary remand, the moving party "need not satisfy all factors, [but] rather a balancing test should be applied taking into consideration the totality of the circumstances." *Sorrentino v. ASN Roosevelt Ctr., LLC*, 588 F. Supp. 2d 350, 359 (E.D.N.Y. 2008) (internal quotations omitted).

## B.     Analysis

Because it is undisputed that Verizon – a corporation headquartered in New York – is a citizen of New York, at least one-third of the putative class members must be New York citizens for discretionary remand to be warranted. A court may "make reasonable assumptions about the makeup of the putative class." *Commisso v. PricewaterhouseCoopers LLP*, No. 11-CV-5713, 2012 WL 3070217, at *4 (S.D.N.Y. July 27, 2012). It is eminently reasonable to assume that at least one-third of the

members of the putative class – which is comprised solely of Verizon customers with New York State accounts – have New York citizenship. *See Lucker v. Bayside Cemetery*, 262 F.R.D. 185, 189 (E.D.N.Y. 2009) (making the "eminently reasonable assumption that the majority – and certainly one-third – of those buried, or desiring to be buried, in a Queens cemetery are New York residents"); *see also Mattera v. Clear Channel Commc'ns, Inc.*, 239 F.R.D. 70, 81 (S.D.N.Y. 2006) (assuming that the discretionary exception's citizenship threshold criteria were met because "all of the putative class members work in New York"). Accordingly, the Court finds that the discretionary exception's citizenship requirement is satisfied.

The statutory factors also weigh heavily in favor of discretionary remand. Plaintiffs' claims – which are governed by New York law – allege that Verizon assessed the Surcharge in violation of the PSC Order, the enforcement of which is a matter of local interest. *See Sorrentino*, 588 F. Supp. 2d at 359 ("[T]he plaintiffs' claims do not involve matters of national or interstate interest, but are of local interest and are governed by the laws of the State of New York."). Moreover, Verizon is a New York defendant and the Surcharge was only imposed on New York State accounts. As such, New York has a "distinct nexus" to both the defendant and the alleged harm. 28 U.S.C. § 1332(d)(3)(D). Additionally, as discussed above, it is highly likely that New York citizens will comprise a "substantially larger" portion of the putative class than citizens from other states. *Id.* § 1332(d)(3)(E).

There is also no evidence that this action was pleaded to avoid federal jurisdiction. Furthermore, neither party has identified a class action filed during the three years preceding the filing of this action that asserts "the same or similar claims on behalf of the same or other persons." *Id.* § 1332(d)(3)(F); *see also Mattera*, 239 F.R.D. at 80 (finding that the inability of the parties and the court to identify a similar class action was sufficient to establish the absence thereof). On a balance of the statutory factors, the Court finds that discretionary remand is warranted under § 1332(d)(3).

## III.

For the foregoing reasons, Plaintiffs' motion is granted and this action is remanded to New York Supreme Court, Kings County. The Clerk of the Court is directed to close this case.

**SO ORDERED.**

/S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
June 2, 2015